IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-13-648 |
| | * | |
| PARRIS BENJAMIN CHISHOLM | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending is Parris Benjamin Chisholm's pro se request for sentence reduction or release to home confinement (ECF 113), which the court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Chisholm requests a sentence reduction on the basis that his parents are elderly and need his help through the COVID-19 pandemic. This proffered reason for sentence reduction, however, is not one of the reasons enumerated in § 3582(c)(1)(A)(ii),[1] nor does it constitute an "extraordinary and compelling reason[]" for a sentence reduction within the meaning of § 3582(c)(1)(A)(i).[2] While the court appreciates Chisholm's assertions that he has made rehabilitative progress while incarcerated, and his interest in assisting his parents, under the law this

---

[1] Section § 3582(c)(1)(A)(ii) provides that a court may reduce a defendant's sentence where "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)[.]"

[2] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).

does not constitute an extraordinary and compelling reason for a sentence reduction. Moreover, there is no indication that Chisholm has exhausted his administrative remedies.[3]

To the extent Chisholm also seeks placement on home confinement, the court is without authority to grant the requested relief. "The discretion to release a prisoner to home confinement lies solely with the Attorney General." *See United States v. Byers*, No. 118CR00036MRWCM1, 2020 WL 3513703, at *2 (W.D.N.C. June 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).

For the reasons explained above, Chisholm's request for sentence reduction or release to home confinement is DENIED, without prejudice to renewal of a request for compassionate release after exhaustion of his administrative remedies, if he can show a reason that is covered by the statute.

So Ordered this __14TH__ day of July, 2020.

                                                                                         /S/
                                                   Catherine C. Blake
                                                   United States District Judge

---

[3] The court may consider a defendant's compassionate release motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).